[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case was tried before the court on July 24 and 25, 2001, and the court entered judgment in favor of the plaintiff on the first count. Defense counsel asked for an opportunity to brief the issue of damages which has been completed.
The case is a subrogation matter brought by the plaintiff insurance company to recover proceeds it paid to its insured Brian and Phyllis Wasko for fire damage to their real estate and personal belongings located at 165 Sandy Beach Road in Goshen, Connecticut. Mr. Wasko testified that they acquired the property in 1989 for $160,000.
During the weekend of February 5 to February 7, 1993, the Waskos allowed a friend of theirs, James Manella, to use those premises without CT Page 11116 any charge or consideration. All they asked of him was to leave the premises as he had found them. Mr. Wasko advised Manella that if he used the fireplace, that he clean it out before vacating the premises.
Manella, who did not appear at the trial because he apparently lives in Illinois at the present time, did speak with Fire Marshal James Fraher and Brian Wasko after the fire. He said he used the fireplace Saturday night, February 6, 1993, until about 8:00 p.m. He allowed the fire to go out and the next morning, before vacating the premises, he shoveled the remaining ashes and obviously embers into a paper bag and placed it on a wooden deck just outside the kitchen door and close to the side wall of the house. Manella called Mr. Wasko just before he vacated the premises to say everything was fine. On his way back to New York, Manella stopped at the Wasko house to drop off the key and it was at this time he learned that a fire had essentially destroyed the Wasko premises in Goshen.
Both the fire marshal and a fire expert hired by the plaintiff concluded that the fire was caused by placing the paper bag of ashes and embers on the rear deck which obviously ignited and caused the fire. The plaintiff's claim against Manella was that his negligence caused the fire. The court agreed and found for the plaintiff.
The plaintiff paid the Waskos a total of $132,505 — $84,005 for the structure and $48,500 for loss of personal contents. The policy had provided maximum coverage for the dwelling of $97,000 and $48,500 for the personal contents. As for the personal contents, the policy provided for replacement cost rather than present value.
In his brief, the defendant claims that the plaintiff is only entitled to nominal damages because as to the real estate it did not use an appraiser or comparable sales to come up with a loss figure but, instead, used valuation figures with no identifiable basis. As to the personal property, the defendant claims that the plaintiff offered no evidence of the fair market value of the personal property at the time of the loss.
As for the damage to the dwelling, Mr. Wasko testified he never rebuilt the structure and sold the lot and foundation in 1996 for $41,000. After the fire, the remaining structure was removed and some plantings were added to replace what was destroyed. Although it might be true that the plaintiff did not utilize a realtor or appraiser in determining the replacement value of the dwelling, it is clear from the testimony of Janine Lacgnota, subrogation specialist from Middlesex, as well as plaintiff's exhibits 7, 8, 9 and 10 that the plaintiff has established the actual cash value of the loss to the dwelling including demolition and plantings to be $84,005. CT Page 11117
As for the personal property, the policy called for recovery based on replacement cost not fair market value. The plaintiff's were asked to list all of their lost items and to seek a replacement cost. They did this over several months and prepared and presented their list (plaintiff's exhibit 6) showing a total loss of $62,994. Because their policy only provided for $48,500 of coverage, that is all that was paid. The court therefore awards the plaintiff damages of $132,505 against the defendant.
On the question of interest which is an equitable determination and a matter within the discretion of the trial court, the court upon a review of all the circumstances of the case will not award interest on the judgment. The court does not find the defendant's retention. of the money wrongful under the circumstances.
GORMLEY, J.